UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JAMES EDWARD O'CONNOR                    CIVIL ACTION NO.

V.                                       16-16201

MARITIME MANAGEMENT CORP.,               SECTION "N" (2)
ET AL.

## ORDER & REASONS

Before the Court is the motion to remand (Rec. Doc. 5), filed by the plaintiff, James Edward O'Connor ("O'Connor"). Defendant West of England Shipowners Mutual Insurance Association ("West of England" or the "P&I Club") opposes the motion. (*See* Rec. Doc. 8). Now, having considered the submissions of the parties, the record, and applicable law, the Court denies the motion to remand, finding that removal of the direct action plaintiff's lawsuit against a foreign insurer was appropriate based on the existence of an arbitration clause found in the club rules of the insurer.

### I.    BACKGROUND

O'Connor commenced this personal injury action in the Civil District Court for the Parish of Orleans, alleging that he now suffers from lung cancer as a result of asbestos exposure from years spent working as a machinist onboard several oil tankers in the early 1980s. O'Connor names as defendants Cove Shipping, Inc. and Maritime Management Corp. (together, "Cove Shipping")[1],

---

[1] From the petition, it appears Maritime Management Corp. was formerly known as Cove Shipping, Inc.

the collective entity for whom O'Connor contends he was working at the time. Via the Louisiana Direct Action Statute, La. R.S. 22:1269, O'Connor also names West of England as defendant, for the P&I Club's role as Cove Shipping's insurer during the years relevant to his lawsuit. West of England subsequently removed the action, invoking the removal provision of the Uniform Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or "Convention"), 9 U.S.C. § 205.

As justification for using the New York Convention for removal, West of England cites an arbitration clause found in its Club Rules that it contends were in effect at the time of O'Connor's alleged employment and now apply to his lawsuit, notwithstanding the fact that O'Connor is a third-party to the insurance agreement (including the Club Rules) between West of England and Cove Shipping. In his motion for remand, O'Connor makes six distinct arguments in support of the contention that he is not bound by the arbitration clause and, thus, the case should be remanded:

> First, West of England has failed to demonstrate it is entitled to arbitration under documents it submitted with removal. Second, English law forbids the application of this arbitration agreement to non-signatories such as Mr. O'Connor. Third, the arbitration agreement is unenforceable because the prohibitive costs of the agreement prevent Mr. O'Connor from vindicating his federal statutory rights. Fourth, West of England waived its right to arbitrate. Fifth, Jones Act Claims are not subject to arbitration. And sixth, the law of Louisiana forbids arbitration in insurance disputes, which does not run afoul of the New York Convention.

(Rec. Doc. 5-1 at p. 2-3).

## II.    LAW AND ANALYSIS

### A.    *Arbitration Agreement Not Required as Part of Removal Pleadings*

O'Connor's first argument for remand raises a procedural objection to the manner in which West of England removed the case; that is, it attached Club Rules for the wrong years to the removal pleadings. O'Connor does not cite any authority for the suggestion that the arbitration agreement was a necessary attachment to the removal pleadings. Furthermore, at the time of

removal, O'Connor had not yet disclosed the exact years of his alleged asbestos exposure. Only post-removal has that information come to light, in the form of an affidavit attached to O'Connor's motion to remand, and West of England has since supplied copies of the Club Rules for the now-disclosed time period – 1982-1984. For these reasons, the Court rejects the argument that the case should be remanded on account of West of England's failure to attach the correct arbitration agreement to the removal pleadings.

*B. Merit-Based Challenges to West of England's Arbitration Defense are Improper*

O'Connor's remaining arguments would have the Court consider whether West of England waived its right to compel arbitration; whether the cost of arbitration is prohibitive; and whether applicable law, yet to be determined, allows for arbitration of this case at all. These arguments miss the mark, because they wage a merit-based attack on the arbitration agreement that, at this stage of the proceedings, is premature. *See Beiser v. Weyler*, 284 F.3d 665, 670 (5th Cir. 2002). At present, the only matter for the Court to resolve is whether it has jurisdiction to decide the arbitration issue, which is a "distinct question from how to decide that issue correctly." *Id.* To reach the answer to the question of jurisdiction, the Court need not go beyond the removal pleadings and consider evidence or otherwise inquire into the merits of an arbitration defense. *See id.* at 671 (Section 205 "directs us to determine whether a defendant's [arbitration] defense arises under federal law from the 'petition for removal' alone."). Restraint is particularly important at this juncture, as conflating jurisdictional and merit-based inquiries poses a number of problems, not the least of which is that failure to separate the two could preclude appellate review of a district court's finding that an arbitration agreement falling under the Convention does not provide a defense. *See id.* at 672 (explaining that "[a] district court's decision to remand a case for lack of subject matter jurisdiction cannot be reviewed by an appellate court"). Such a result would frustrate

the objectives of federal law, which generally looks with favor upon arbitration agreements. *Id.* at 673. With that said, the plaintiff is not left without redress, as merit-based arguments may be presented in the form of an opposition to a motion to compel arbitration, which is typically the first matter to be raised after removal under 9 U.S.C. § 205. *Id.* at 675. If, at that time, the plaintiff prevails, the case may be remanded still, as the arbitration agreement is the only basis offered for federal jurisdiction here. *Id.*

     C.     *Arbitration Agreement Relates to Plaintiff's Lawsuit*

As previously noted, this case was removed under § 205 of the New York Convention, which reads in pertinent part:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205. This broad removal provision "confers a form of federal question jurisdiction" on the district courts. *Beiser v. Weyler*, 284 F.3d 665, 670 (5th Cir. 2002). It requires (1) the presence of an arbitration agreement or award falling under the New York Convention and (2) an action or proceeding in state court, the subject matter of which "relates to" that agreement or award. *Acosta v. Master Maint. & Constr. Inc.*, 452. F.3d 373, 376 (5th Cir. 2006). Because it appears beyond dispute that the arbitration agreement itself falls under the Convention,[2] the dispositive issue here

---

[2] The test for determining whether an arbitration agreement falls under the New York Convention can be found in *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 339 (5th Cir. 2004). Here, it is clear that the Convention applies to the arbitration agreement at issue, given the obvious commercial nature of marine insurance and that at least one party (West of England) to the written agreement, which provides for arbitration in a signatory nation of the Convention (the United Kingdom), is not an American citizen.

is whether the arbitration agreement "relates to" O'Connor's lawsuit, despite him not being a party to the insurance agreement wherein it is found.

Under the definition adopted by the Fifth Circuit, "an arbitration clause under the Convention 'relates to' the plaintiff's suit . . . whenever the clause could conceivably have an effect on the outcome of the case." *Beiser*, 284 F.3d at 671. This standard sets such a "low bar" that the Circuit has remarked,

> [T]he district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case.

*Id.* at 669.

Here, West of England's contention that the arbitration clause in its Club Rules falls under the Convention and provides a defense is neither completely absurd nor impossible. In fact, West of England is correct in pointing out that courts, including the Fifth Circuit, have previously recognized the validity of this argument on more than one occasion when reviewing direct action claims against foreign insurers. *See Viator v. Dauterive Contractors, Inc.*, 638 F.Supp.2d 641 (E.D. La. 2009); *Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329 (5th Cir. 2010), on remand, 2011 WL 1226464; *Authement v. Ingram Barge Co.*, 878 F.Supp.2d 672 (E.D. La. 2012). In light of those cases, the Court finds that the arbitration clause at issue could conceivably have an effect on the outcome of O'Connor's lawsuit, such that the two are related. Section 205, therefore, confers subject matter jurisdiction on this Court, making removal of the case by West of England proper.

5

### III.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Remand (Rec. Doc. 5) is **DENIED**.


New Orleans, Louisiana, this <u>16th</u> day of <u>March</u> 2017.

**KURT D. ENGELHARDT**
**United States District Judge**